12-4022(L)
Ometto v. Asa Bioenergy Holding A.G.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of January, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DENNY CHIN,
                      *Circuit Judges*.

_____

ADRIANO GIANNETTI DEDINI OMETTO, ADRIANO
OMETTO AGRICOLA LTDA,

                           *Petitioners-Appellants*,

            -v-                                              12-4022(L);
                                                            13-225(con)-cv

ASA BIOENERGY HOLDING A.G., ABENGOA BIOENERGIA
AGRICOLA LTDA., ABENGOA BIOENERGIA SAO JAO LTDA.,
ABENGOA BIOENERGIA SAO LUIZ S.A., ABENGOA BIOENER
GIA SANTA FE LTDA.,

                           *Respondents-Appellees*.

_____

Appearing for Appellants:    G. Eric Brunstad, Jr., Dechert LLP (Collin O'Connor Udell,
                             Matthew J. Delude, Kate O'Keefe, Hartford, CT; Dennis H.
                             Hranitzky, Stuart T. Steinberg, Karen C. Daly, Philadelphia, PA;
                             Andrew Behrman, Hogan Lovells US LLP, New York, NY, *on the
                             brief*), New York, N.Y.

Appearing for Appellees:      Henry S. Weisburg, Shearman & Sterling LLP (Fernando Mantilla-Serrano, Paris, France; Andrew J. Rodgers, Stephen J. Marzen, Washington, D.C., *on the brief)*, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Adriano Giannetti Dedini Ometto and Adriano Ometto Agricoloa Ltda. (together, "Ometto") appeal from the January 7, 2013 memorandum and order of the United States District Court of the Southern District of New York (Rakoff, *J.*) denying its petition to vacate an arbitration award entered against them and granting the petition to confirm the award brought by ASA Bioenergy Holding A.G., Abengoa Bioenergia Agricola Ltda., Abengoa Bioenergia São João Ltda., Abengoa Bioenergia Sao Luiz S.A., and Abengoa Bioenergia Santa Fe Ltda. (together, "Abengoa"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In two arbitrations, Abengoa brought a number of claims against Ometto arising out of Abengoa's purchase of a sugar cane business from Ometto in 2007. Both arbitrations were heard by a three-arbitrator panel chaired by David Rivkin, partner at Debevoise & Plimpton LLP ("Debevoise"). The arbitrators found in favor of Abengoa in both arbitrations, awarding Abengoa damages of US $109,437,865.73.

Ometto first argues the district court erred in failing to vacate the award on the ground of evident partiality. Ometto contends that Rivkin failed to disclose that his colleagues at Debevoise were providing legal advice to clients involved in several corporate transactions in which Abengoa was the opposing party. The Federal Arbitration Act ("FAA") allows a court to vacate an award "where there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C. § 10(a)(2). "In this Circuit, evident partiality within the meaning of 9 U.S.C. § 10 will be found where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Scandinavian Reinsurance Co. v. Saint Paul Fire and Marine Ins. Co.*, 668 F.3d 60, 72 (2d Cir. 2012) (internal quotation marks omitted). "Among the circumstances under which the evident-partiality standard is likely to be met are those in which an arbitrator fails to disclose a relationship or interest that is strongly suggestive of bias in favor of one of the parties." *Id.* However, "we have repeatedly cautioned that we are not quick to set aside the results of an arbitration because of an arbitrator's alleged failure to disclose information." *Id.* (internal quotation marks omitted).

We find no error in the district court's holding that the lead arbitrator lacked knowledge of the conflicts at issue at the time he authored the awards or in its holding that there was no evident partiality. Nor do we find error in the district court's holding that Rivkin had no reason to believe that a nontrivial conflict might exist, and thus had no further duty to investigate. To the extent that the lead arbitrator was careless, that carelessness does not rise to the level of willful blindness. As our Court noted in *Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, arbitrators are not judges, "who can be disqualified in any proceeding in which his

2

impartiality *might* reasonably be questioned." 492 F.3d 132, 137 (2d Cir. 2007) (internal quotation marks omitted, emphasis in the original).

Ometto also seeks to vacate the award on the ground that "it exhibits a manifest disregard of the law." *See Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004) (internal quotation marks omitted). "This is, of course, a 'severely limited' standard of judicial review." *Gov't of India v. Cargill Inc*., 867 F.2d 130, 133 (2d Cir. 1989). "It is highly deferential to the arbitral award and obtaining judicial relief for arbitrators' manifest disregard of the law is rare." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). We agree with the district court that there is no basis for vacatur on the ground of manifest disregard of the law, for the reasons set forth in the district court's opinion.

We have examined the remainder of the arguments presented by the parties and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk